UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert L. Bonczek,                                  Civil No. 09-1137 (JRT/SRN)

      Plaintiff,

v.                                            **REPORT AND RECOMMENDATION**

Michael J. Astrue, Commissioner
of Social Security,

      Defendant.

---

      Robert L. Bonczek, *pro se*, P.O. Box 18782, Minneapolis, Minnesota 55418

      Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss [Doc No. 3]. Plaintiff purports to seek judicial review of a decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). This matter has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Defendant's motion be granted.

I.    **PROCEDURAL HISTORY**

Plaintiff Robert L. Bonczek ("Bonczek") filed his application for disability insurance benefits ("DIB") on March 11, 2008, asserting that he has been disabled and unable to work

since January 20, 1994. The Social Security Administration ("SSA") denied Bonczek's application initially on May 27, 2008, and upon reconsideration on September 22, 2008. Pursuant to 20 C.F.R. § 416.1433(b), Plaintiff had sixty days from the time of receipt of the reconsideration decision to request a hearing before an Administrative Law Judge ("ALJ"). It appears from the Complaint that Plaintiff contacted SSA at least twice during the sixty-day time period, on September 25, 2008 and October 28, 2008. These contacts, however, do not appear to have been requests for an ALJ hearing. After expiration of the 60-day deadline, on or about December 25, 2008, Plaintiff sent a letter to SSA explaining he had not filled out the form to request an ALJ hearing because he could not complete the form until he received information he requested from SSA in July 2008.[1] With the record before it, the Court is not aware whether Plaintiff made a formal request for an extension to the deadline for requesting a hearing pursuant to 20 C.F.R. § 416.1433(c). Regardless, as of May 21, 2009, no ALJ had issued a decision in Plaintiff's case, and consequently, the Appeals Council had not reviewed an ALJ's decision. Plaintiff initiated this action on May 15, 2009.

## II. DISCUSSION

### A. Exhaustion

Defendant has brought the instant motion to dismiss alleging that this Court lacks subject matter jurisdiction to hear this case because Plaintiff did not exhaust his administrative remedies pursuant to 42 U.S.C. § 405(g). This Court agrees.

---

[1] Defendant attached a copy of this letter as an exhibit to his motion to dismiss. On a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may consider matters outside the pleadings without converting the motion into a motion for summary judgment. Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 638 (8th Cir. 2003).

42 U.S.C. § 405(g) provides "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g) (emphasis supplied). The Act further states, "No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). The Supreme Court has concluded that the term "final decision" is a "statutorily specified jurisdictional perquisite." Weinberger v. Salfi, 422 U.S. 749, 766, 95 S. Ct. 2457 (1975); Anderson v. Sullivan, 959 F.2d 690, 692 (8th Cir. 1992).

The Social Security Act does not define the term "final decision," instead leaving that definition to the SSA regulations. Weinberger, 422 U.S. at 766. In order to obtain a "final decision," the regulations provide that a claimant must complete a four-step administrative review process. 20 C.F.R. § 404.900(a). First, a claimant seeking disability benefits receives an initial determination. If the claimant's initial application for benefits is denied, he or she may request reconsideration of the decision. 20 C.F.R. § 416.1409(a). A claimant who is dissatisfied with the reconsidered decision may obtain administrative review by an ALJ. 20 C.F.R. § 416.1429. Finally, if the claimant is dissatisfied with the ALJ's decision, he or she may request review by the Appeals Council. If the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. Sims v. Apfel, 530 U.S. 103, 106-107, 120 S. Ct. 2080, 2083 (U.S. 2000). If the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision. Id. If a social security claimant fails to request review from the Appeals Council, there is no "final decision." Id. at 107.

Plaintiff filed his initial application for disability insurance benefits on March 11, 2008, which was denied on May 27, 2008. He then requested reconsideration of that decision on September 16, 2008, which was also denied on September 22, 2008. Before filing the instant action in this Court, Plaintiff did not timely seek a hearing with an ALJ or review by the Appeals Council. Because neither an ALJ nor the Appeals Council has issued a decision in Plaintiff's case, there is no "final decision" for this Court to review. Given that Plaintiff has not exhausted his claims with the SSA, this Court recommends that the motion to dismiss be granted.

**B.      Waiver**

While the exhaustion requirement is jurisdictional, it can be waived by the Commissioner or by the Courts. Titus v. Sullivan, 4 F.3d 590, 592 (8th Cir. 1993); Schoolcraft v. Sullivan, 971 F.2d 81, 85 (8th Cir. 1992). In order to be entitled to a waiver of the exhaustion requirement, such that subject matter jurisdiction exists over the case, a plaintiff must show that: (1) his claim is collateral to his claim for disability benefits; (2) irreparable injury will follow; and (3) exhaustion would otherwise be futile. Titus, 4 F.3d at 592 (citing Bowen v. City of New York, 476 U.S. 467, 484-85, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986)); Schoolcraft, 971 F.2d at 85. A claim is collateral to a claim for disability benefits if the plaintiff does not seek benefits from the court, but rather, challenges the procedures by which their claims were processed. Schoolcraft, 971 F.2d at 86.

In reviewing the allegations in the Complaint, it appears that Plaintiff is seeking benefits from this Court and disputing the SSA's decision that he was not entitled to disability benefits. Therefore, the claims in his Complaint are not collateral to his claim for disability benefits. Nor is there any evidence in the record that Plaintiff will suffer an irreparable injury that cannot be

remedied through the retroactive award of benefits.  Plaintiff has not made the requisite showing to support a waiver of the exhaustion requirement.  Because this Court lacks subject-matter jurisdiction over this matter, the Court recommends that the motion to dismiss be granted.

## III.     RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [Doc. No. 3] be **GRANTED**.

Dated: September 2, 2009
          s/ Susan Richard Nelson
          SUSAN RICHARD NELSON
          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 17, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.